SIMON W. HITCH, solicitor general, by HARRISON & CLAYTON, for defendants.

———

THE MOBILE AND GIRARD RAILROAD COMPANY, plaintiff in error, *vs.* WILLIAM H. JONES, assignee, defendant in error.

1. A guaranty of the solvency of notes, made by a party who paid the notes to a contractor for work done for such party by the contractor, on a contract to pay him in the notes of others, to be made good if insolvent, is not a promise to pay the debt of another, and therefore not within the statute of frauds.

2. Suit on such guaranty must be brought within four years after the right of action accrued, and the right of action accrued just so soon as the insolvency of the makers of the notes was ascertained, or with reasonable diligence ascertainable.

Contracts. Promissory notes. Statute of limitations. Before Judge BUCHANAN. Muscogee Superior Court. November Term, 1875.

Reported in the opinion.

PEABODY & BRANNON; JAMES JOHNSON, for plaintiff in error.

THORNTON & GRIMES; R. J. MOSES, for defendant.

JACKSON, Judge.

This was a suit brought by Woolfolk against the railroad company for the recovery of a debt alleged to be due by the company to him for work performed in building a piece of the company's road in Pike county, Alabama, or rather on a guaranty of the solvency of certain notes received by Woolfolk from the company for that work. The same case was here before, at the July term, 1875: 55 *Georgia Reports*, 122, and was then sent back because the plaintiff was, in the judgment of this court, improperly non-suited. On its return to the superior court the plaintiff, Woolfolk, recovered a verdict for $6,437 00; the railroad company moved for a new trial on many grounds, the motion was overruled, and defendant excepted.

The record is very voluminous, but for the purposes of this decision it is not necessary to consider and to decide all the points nor to recite the whole testimony. The plaintiff contended that he contracted with John H. Howard, president, to grade the road in Pike county, at a certain price, and took in payment thereof certain notes on citizens of that county, which Howard, for the company, guaranteed; that he did the work, tried to collect the notes, failed for the reason that the parties became insolvent, and that the company owe him the debt. The defendant says that he was to take, and did take, the notes in final payment, and that it never guaranteed their solvency or collectibility, and that thus the plaintiff is fully paid off, and has no right of action. It says, too, that the guaranty was beyond the power of Howard to make, and that the company never ratified it, and besides, that as it was a promise to pay the notes given by others, it was void, not being in writing.

1. When this case was before us before, we held that there was *prima facie* a case made out by plaintiff upon his testimony then here, and that the court erred in non-suiting him. Now the whole testimony is in for the plaintiff and for the defendant, and it is quite conflicting, but there is enough, we

think, to sustain a verdict for the plaintiff, unless it was necessary that the contract should be in writing—that is to say, the evidence of Woolfolk and of Cooper, and the fact that before Woolfolk would sign a receipt for certain money and for these notes, he had stipulated in the receipt that the company guaranteed the solvency of the notes, show enough to justify the jury in finding that such a contract was made by Howard; and then the fact that the company ratified it, the jury might, we think, infer legitimately from the appointment of a committee to investigate the accounts of the treasurer, and their report thereon made and approved by the stockholders. This receipt must have been one of the vouchers examined by the committee when they investigated the treasurer's receipt. Assuming that the contract was made as contended for by Woolfolk, must it have been in writing? That depends on the point whether or not it was a promise to pay the debt of another or the company's own debt? If Woolfolk's version be correct, it was to pay its own debt; it was to guarantee certain papers that the defendant had turned over to him in lieu of money, and which it agreed to make equal to money. We do not think it comes within the statute of frauds. We think, therefore, that no error was committed by the court in refusing to interfere with the verdict on these points. The law upon them was substantially given in charge to the jury, and they found the facts.

2. But the defendant says that the plaintiff is barred both by the act of 1869 and by the four years' statute of limitations, each of which, we think, is substantially pleaded, and that the court erred in his charge on these statutes. The contract was made in 1859 or 1860; the work was finished in January, 1862; the notes, according to the receipt, were then turned over to Woolfolk, but according to his testimony and that of others, they were turned over prior to that time. The court charged the jury to the effect that Woolfolk should have had a reasonable time to ascertain if the makers of the notes were solvent, and if he could enforce their collection; that at the expiration of this time he should have sued, and

if it expired before the 1st of June, 1865, he ought to have sued before the 1st of January, 1870; if such reasonable time did not expire until after 1st of June, 1865, then he ought to have sued within four years from the 21st of July, 1868. The latter part of this charge was certainly erroneous and probably controlled the case : 49 *Georgia Reports,* 431. Certain it is that if the jury found that the right of action accrued by the lapse of the reasonable time referred to them by the court, before June, 1865, the case was barred by the statute of 1869. They must have found that such reasonable time did not expire until after June, 1865, and as the action was brought within four years from the 21st of July, 1868, they were obliged to find for plaintiff on the latter branch of the charge. This charge was erroneous and controlled the case, and a new trial must be granted thereon unless the facts show that defendant was not hurt; that is, that if the court had charged correctly, it would not have been any worse off. And an effort was made by plaintiff to show this. But if the contract was that the solvency of these notes was all that the company guaranteed, then the moment the plaintiff ascertained the insolvency, he was bound to sue. The testimony seems to be strong that many, perhaps most of them, were insolvent in 1866; if so, and if the solvency only was guaranteed, and that only was to be ascertained, he was clearly barred as to all those notes so insolvent, or the guaranty thereon. If the contract was that the guaranty extended to collectibility, and the plaintiff was to ascertain whether the notes could be collected, it is difficult to see how a note on an insolvent person could be collected, and when, in 1866, many of them were insolvent, known to be so, that insolvency was evidence of the fact that they could not be collected, and still he would be barred. If the contract was that plaintiff was to sue the notes and thus ascertain the fact of the impossibility of their collection, then it seems from the evidence that he did not give security for certain costs and suffered a non-suit. If he agreed to sue to insolvency, he ought to have secured the costs and not have suffered non-suit. If

he reply that he appealed to the supreme court of Alabama, after moving to reinstate, and failed, or the cases are still pending somewhere, then he has not sued them yet to insolvency. The utmost limit to be allowed him on the statute, it seems to us, would be from the dismissal or voluntary non-suit suffered by him in 1867, unless there be some other evidence not before us in this record. At all events, it is conceded that the court erred in the latter branch of the charge on the statute, and it is not clear that the defendant was not seriously hurt thereby. On the contrary, we think a fair examination of the record will show that the defendant was hurt.

Then, again, the evidence shows that the verdict is for too much, and, in this respect, against the evidence. With the error of the court on the statute of limitations staring us in the face, we cannot write it off and let the balance remain. It would be unjust to defendant, and therefore illegal. We reverse the judgment on the ground that the court erred in the charge on the statute of limitations. This was an Alabama contract. On the point when suit should be brought on a guaranty of insolvency, see 6 Alabama Reports, 745.

Judgment reversed.